MAR 2 2 2006

USDC SDNY          NANCY MAYER WHITTINGTON, CLERK
DOCUMENT                    U. S. DISTRICT COURT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2 17 06 (+P)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DIANA WILLIAMSON,                          :          06 Civ. 0421 (SHS)

                    Plaintiff,             :          MEMORANDUM ORDER

        -against-                                     CASE NUMBER    1:06CV00537

MARRIOTT INTERNATIONAL, INC. d/b/a                    JUDGE: Richard J. Leon
MARRIOTT WARDMAN PARK HOTEL,
                                                      DECK TYPE: Personal Injury/Malpractic
                    Defendant.
                                                      DATE STAMP: 03/22/2006
------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

        Defendant Marriott International, Inc. d/b/a Marriott Wardman Park Hotel

("Marriott") has moved for an order transferring this action to the United States District

Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). After reviewing the

submissions of the parties, the Court finds that defendant has met its burden of showing

the availability of the alternate forum and that the District of Columbia is clearly a more

appropriate forum for the resolution of this dispute than is the Southern District of New

York. See Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc., 923 F. Supp.

433, 437-38 (S.D.N.Y. 1996).

        The District of Columbia is available as a forum because the case could

have been brought there in the first instance, as the tortious injury alleged to have taken

place occurred in the District of Columbia. See D.C. Code 13-423 (2001).

        In evaluating the appropriateness of transfer, courts are to consider the

following factors: plaintiff's choice of forum; location of the operative facts; convenience

of the parties and witnesses; location of documents and ease of access to sources of

proof; the forum's familiarity with the governing law; the availability of process to

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY
DEPUTY CLERK

1

compel the attendance of unwilling witnesses; the relative means of the parties; and trial efficiency. See Anadigics, Inc. v. Raytheon Co., 903 F. Supp. 615, 617 (S.D.N.Y. 1995). Applied here, the Court finds that these factors weigh heavily in favor of transferring the case to the District of Columbia.

Most significantly, all of the events in dispute occurred in the District of Columbia, giving that district a much greater interest in the outcome of the case. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) (transferring a car accident case from the Eastern District of New York to the Southern District of Florida because, in part, the "*only* locus of operative facts is Florida"). In addition, any court hearing this action will apply the law of the District of Columbia because that is where the incident occurred. See Bing v. Halstead, 495 F. Supp. 517, 520 (S.D.N.Y. 1980). Moreover, many of the most important witnesses – including fire department personnel and medical staff at Georgetown Hospital who rendered medical service to plaintiff – reside in the District of Columbia, see Affidavit of William G. Scher dated Jan. 30, 2006 ¶ 5, and are not subject to the subpoena power of this Court. See Hernandez, 761 F. Supp at 988, citing Copulsky v. Boruchow, 545 F. Supp. 126, 128-29 (E.D.N.Y. 1982). The only witnesses located in the New York area are some of plaintiff's treating physicians and a "liability witness" whose potential testimony is unspecified. See Affirmation of Gary M. Carlton dated Feb. 10, 2006 ¶ 15.

The only significant factor weighing against transfer is plaintiff's choice of forum. But while this factor is normally entitled to considerable deference, see Seagoing Uniform Corp. v. Texaco, Inc., 705 F. Supp. 918, 936 (S.D.N.Y. 1989), this presumption does not apply where there is "little material connection" between the

2

chosen forum and the facts or issues of the case.  Bordiga v. Directors Guild of America, 159 F.R.D. 457, 462 (S.D.N.Y. 1995); Anadigics, Inc., 903 F. Supp. at 617.  The only connection between this action and the Southern District of New York is that Marriott conducts business in New York and plaintiff resides here.  In such a situation, the court need not give great weight to plaintiff's choice of forum.  See Bordiga, 159 F.R.D. at 462; De Jesus v. National R.R. Passenger Corp., 725 F. Supp. 207, 208 (S.D.N.Y. 1989).

Balancing all of the material circumstances of this case in light of the factors set forth above, the Court finds that for the convenience of parties and witnesses and in the interest of justice, the action should be transferred to the District of Columbia.

Accordingly, IT IS HEREBY ORDERED THAT defendant's motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Columbia is granted.

Dated: New York, New York
      February 17, 2006

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00421-SHS
### Internal Use Only

Williamson v. Marriott International, Inc.
Assigned to: Judge Sidney H. Stein
Case in other court: State Court-Supreme, 05-117535
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 01/20/2006
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Diana Williamson**

V.

**Defendant**

**Marriott International, Inc.**
*doing business as*
Marriott Wardman Park Hotel

represented by **William Goldman Scher**
Garbarini & Scher, P.C.
432 Park Avenue South
New York, NY 10016
212-689-1113
Fax: 212-725-9630
Email: wscher@garbarini-scher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2006 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 05-117535. (Filing Fee $ 250.00, Receipt Number 566916).Document filed by Marriott International, Inc.(jeh, ) Additional attachment(s) added on 1/25/2006 (mbe, ). (Entered: 01/23/2006) |
| 01/20/2006 | | Case Designated ECF. (jeh, ) (Entered: 01/23/2006) |
| 01/20/2006 | | Magistrate Judge Michael H. Dolinger is so designated. (jeh, ) (Entered: 01/23/2006) |
| 01/20/2006 | 2 | RULE 7.1 DISCLOSURE STATEMENT. Document filed by Marriott International, Inc.(jeh, ) (Entered: 01/23/2006) |
| 01/24/2006 | 3 | ANSWER to Complaint. Document filed by Marriott International, Inc.. (Scher, William) (Entered: 01/24/2006) |
| 01/30/2006 | 4 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Transfer Case to USDC/DC. Document filed by Marriott International, Inc.. (Attachments: # 1 Exhibit Exhibit 1: Summons and Complaint# 2 |

| | | |
|---|---|---|
| | | Exhibit Exhibit 2: Accident Report# <u>3</u> Supplement Memorandum of Law)(Scher, William) Modified on 1/31/2006 (kg). (Entered: 01/30/2006) |
| 01/30/2006 | <u>5</u> | ORDER: An Initial Case Management Conference set for 2/24/2006 at 11:00 AM before Judge Sidney H. Stein in Courtroom 23A. (Signed by Judge Sidney H. Stein on 1/30/2006) (lb, ) (Entered: 01/30/2006) |
| 01/30/2006 | | ***Motion(s) terminated: <u>4</u> MOTION to Transfer Case to USDC/DC filed by Marriott International, Inc. (kg) (Entered: 01/31/2006) |
| 01/31/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney William Scher to RE-FILE Document <u>4</u> MOTION to Transfer Case to USDC/DC. ERROR(S): Filing Error of Attachment #3. Memorandum of Law in support of motion must be filed separately. (kg) (Entered: 01/31/2006) |
| 01/31/2006 | <u>6</u> | RESPONSE to Discovery Request.Document filed by Diana Williamson. (Goldberg, Robert) (Entered: 01/31/2006) |
| 01/31/2006 | <u>7</u> | DECLARATION of Williamson in Opposition. Document filed by Diana Williamson. (Goldberg, Robert) (Entered: 01/31/2006) |
| 01/31/2006 | <u>8</u> | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU - MOTION to Transfer Case (Memorandum of Law). Document filed by Marriott International, Inc. (Scher, William) Modified on 2/1/2006 (kg). (Entered: 01/31/2006) |
| 01/31/2006 | | ***Motion(s) terminated: <u>8</u> MOTION to Transfer Case (Memorandum of Law) filed by Marriott International, Inc. (kg) (Entered: 02/01/2006) |
| 02/01/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney William Scher to RE-FILE Document <u>8</u> MOTION to Transfer Case (Memorandum of Law). Use the document type Memorandum of Law in support of motion found under the document list Responses and Replies. *PLEASE REFILE DOCUMENT #4 Motion to Transfer Case to USDC Dist. of Columbia. Modified on 2/1/2006 (kg). (Entered: 02/01/2006) |
| 02/01/2006 | <u>9</u> | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Transfer Case *Memo of Law in Support*. Document filed by Marriott International, Inc.. (Attachments: # <u>1</u> Memorandum of Law)(Scher, William) Modified on 2/1/2006 (kg, ). (Entered: 02/01/2006) |
| 02/01/2006 | | ***Motion(s) terminated: <u>9</u> MOTION to Transfer Case *Memo of Law in Support*. filed by Marriott International, Inc.,. (kg, ) (Entered: 02/01/2006) |
| 02/01/2006 | <u>10</u> | MOTION to Transfer Case *to District of Columbia*. Document filed by Marriott International, Inc.. (Attachments: # <u>1</u> Exhibit #1: Summons and Complaint# <u>2</u> Exhibit Exhibit #2: Accident Report)(Scher, William) (Entered: 02/01/2006) |
| 02/01/2006 | <u>11</u> | MEMORANDUM OF LAW in Support re: <u>10</u> MOTION to Transfer |

| | | |
|---|---|---|
| | | Case *to District of Columbia*.. Document filed by Marriott International, Inc.. (Scher, William) (Entered: 02/01/2006) |
| 02/06/2006 | ●12 | REPLY AFFIDAVIT of William G. Scher in Support re: 10 MOTION to Transfer Case *to District of Columbia*.. Document filed by Marriott International, Inc.. (Scher, William) (Entered: 02/06/2006) |
| 02/08/2006 | ●13 | ORDER: Plaintiff shall serve and file supplemental papers in response to defendant's motion to transfer by 2/10/2006, at 5:00 p.m.; Replies due by 2/14/2006. Oral Argument set for 2/17/2006 at 09:30 AM before Judge Sidney H. Stein. (Signed by Judge Sidney H. Stein on 2/7/2006) (lb, ) (Entered: 02/08/2006) |
| 02/10/2006 | ●14 | AFFIDAVIT of Gary Carlton in Opposition re: 10 MOTION to Transfer Case *to District of Columbia*.. Document filed by Diana Williamson. (Carlton, Gary) (Entered: 02/10/2006) |
| 02/10/2006 | ●15 | FIRST MEMORANDUM OF LAW in Opposition re: 10 MOTION to Transfer Case *to District of Columbia*.. Document filed by Diana Williamson. (Carlton, Gary) (Entered: 02/10/2006) |
| 02/13/2006 | ●16 | REPLY AFFIDAVIT of William G. Scher in Support re: 10 MOTION to Transfer Case *to District of Columbia*.. Document filed by Marriott International, Inc.. (Scher, William) (Entered: 02/13/2006) |
| 02/17/2006 | ●17 | ORDER: granting 10 Motion to Transfer Case to the US District Court for the District of Columbia. (Signed by Judge Sidney H. Stein on 2/17/2006) (lb, ) (Entered: 02/17/2006) |